Carlos CASTRO, Jr., and others similarly situated, Plaintiffs,

v.

CENTRAL AGUIRRE SUGAR COMPANY, Defendant.

Civ. No. 221-60.

United States District Court
D. Puerto Rico,
San Juan Division.

Sept. 12, 1962.

704

Francisco Aponte Perez, Santurce, P. R., for plaintiffs.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is for recovery of minimum wages and overtime compensation plus an equal amount as liquidated damages under the Fair Labor Standards Act, 29 U. S.C.A. § 201 et seq.

The only matter presently submitted for decision is the question of coverage under the facts as stated in a stipulation filed by the parties.

Defendant is engaged in the processing of sugar cane into raw sugar for interstate commerce at its sugar mill located at Aguirre, Puerto Rico. It operates an integrated industrial complex including an additional sugar mill, a railroad engaged in transporting its products, and Luce and Co., S. en C., engaged in the planting, cultivation and harvesting of sugar cane.

Among its personnel it has a staff of executive, professional and technical men, such as engineers, agronomists, chemists and superintendents. Since 1931 defendant has operated a hotel restaurant to provide this staff with lodging and board. About 10% of the hotel business is with defendant's business visitors and guests. Its facilities are not available to any of defendants employees other than the executives, professional men and technicians described above. Plaintiffs working at the hotel render services to personnel of defendant and its affiliated enterprises.

The hotel is owned by defendant, and is not a separate legal entity. Defendant pays the hotel employees, and the accounting, clerical and stenographic work

of the hotel is performed by the defendant's employees. The hotel is subject to the direction of defendant's President or Executive Vice President. There are public hotels and restaurants in the nearby towns of Guayama, Salinas, Santa Isabel and the City of Ponce.

The defendant also owns a hospital, which is not a separate legal entity but a department whose employees are paid by defendant. Accounting, stenographic and clerical services are provided by defendant. It is under a medical director who consults defendant's President. The hospital was founded in 1931 and provides medical, hospitalization and surgical services to defendant and the employees of its other sugar production enterprises. These services are provided to defendant's employees under a welfare plan provision of the collective bargaining contract signed in 1958. There are other hospitals and medical services in the area, including a municipal hospital in Salinas, a Public Health Center in Guayama, and private hospitals in Ponce, Puerto Rico. Plaintiffs who work in the hospital render services to defendant's personnel who are enagaged in its sugar producing activities.

▌ Of course these plaintiffs are not covered by the Act unless they are found to be " * * * employed in any closely related process or occupation directly essential" (29 U.S.C.A. § 203(j)) to the production of goods for commerce, and it is plaintiffs' activities, not the defendant's business, that are conclusive on this point. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

▌ As is usual with these cases of workers whose tasks lie without the physical, material production of the goods for commerce, there is no rigid rule to guide the Court and each case must be decided on its particular facts and the plaintiff's work must be examined in a frame of reference that includes the entire operation to which his activities are related, and not limited to an inquiry whether his work is necessary or essential to the production of goods, but rather, is there substantial need for it and for defendant's provision for it? See Mitchell v. Anderson, 9 Cir., 235 F.2d 638.

▌ With respect to the hotel-restaurant, its maintenance by defendant since 1931 surely answers the question in the affirmative. In view of its establishment and continued operation for thirty-one years, I can only conclude that defendant was of the opinion that its operations needed the presence of its higher personnel on its premises and not scattered around in hotels in the area, and that there was a need for providing them with wholesome food, without the loss of time involved in trips to other towns in the area.

The same considerations apply to the hospital. It was founded in 1931, and the defendant is the sole owner. Although its management is entrusted to a Medical Director, he consults the defendant's President on occasion. Although it has a wider scope of operations outside the sugar producing activities of defendant than the hotel, by contract with the defendant's employees Union (whose members are engaged in the production of sugar for interstate commerce) the employees covered by the contract must be given hospitalization and preferential medical and surgical rates, both for themselves and their immediate family. The incorporation of the hospital in the Welfare Plan, an action deemed so important by the parties to the labor contract as to merit inclusion in a contract absolutely vital to all production of defendant's sugar, is significant. I am unable to say that the work of the plaintiffs in the hospital did not answer a substantial need.

I must therefore hold that all plaintiffs are covered by the Fair Labor Standards Act. Both parties may present such evidence as they deem proper respecting the question of liquidated damages.